UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
UNITED STATES,

       - against –

George Bouyagian,

         Defendant.

------------------------------X

**MEMORANDUM AND ORDER**

18 Cr. 0099 (NRB)

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**


    Defendant George Bouyagian pled guilty to the charge of health care fraud under 18 U.S.C. § 1347.  On May 14, 2019, the Court imposed a sentence of 40 months' imprisonment.  On June 30, 2020, the Court denied the defendant's request for the appointment of counsel to assist in filing a motion for compassionate release without prejudice, on the grounds that he did not provide evidence of any serious medical condition.  ECF No. 46.  On August 24, 2020, the Court received defendant's <u>pro se</u> motion for compassionate release from FCI Allenwood Medium.  For the following reasons, defendant's motion is denied.

    Defendant moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), which permits a court to "reduce a term of imprisonment" if, after considering the factors set forth in 18 U.S.C. § 3553(a), "it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction

is consistent with applicable policy statements issued by the
Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). A court may
reduce a defendant's sentence under Section 3582(c)(1)(A)(i) only
"upon motion of the Director of the Bureau of Prisons" or "upon
motion of the defendant after the defendant has fully exhausted
all administrative rights to appeal a failure of the Bureau of
Prisons to bring a motion on the defendant's behalf or the lapse
of 30 days from the receipt of such a request by the warden of the
defendant's facility, whichever is earlier."   18 U.S.C. §
3582(c)(1)(A).  Defendant submitted a copy of a letter by the
warden of FCI Allenwood Medium, denying his request for
compassionate release on the grounds that his medical records did
not indicate that defendant suffered from chronic or serious
medical conditions.  ECF No. 47, Ex. A.  As this motion is brought
<u>pro</u> <u>se</u>, it should "be construed liberally to raise the strongest
arguments [it] suggest[s]."  <u>Triestman v. Fed. Bureau of Prisons</u>,
470 F.3d 471, 479 (2d Cir. 2006).  However, defendant still bears
the burden of demonstrating that his release is justified under
Section 3582(c)(1)(A). See <u>United States v. Butler</u>, 970 F.2d 1017,
1026 (2d Cir. 1992).  Because he has failed to do so, his motion
is denied.

Defendant claims that he "suffers from Bilical Hernia, Prostate Hernia, severe hearing loss with Tinitus and is [borderline] diabetic." ECF No. 47. However, defendant has failed to provide any evidence to substantiate that he suffers from these conditions. Even if he had, none of these medical conditions are identified by the CDC as risk factors for severe illness from COVID-19. See People with Certain Medical Conditions, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated Aug. 14, 2020).[1] Moreover, the BOP online record indicates that, as of today, there is only one confirmed active COVID-19 case in FCI Allenwood Medium out of over a thousand inmates. See https://www.bop.gov/coronavirus/. This data significantly undermines the defendant's suggestion that he is at an unjustifiably high risk of contracting the disease.

Even were we to assume that defendant satisfied his burden under Section 3582(c)(1)(A)(i), which he has not, the application of the factors set forth in 18 U.S.C. § 3553(a) would still strongly counsel against release.[2] Those factors include "the

---

[1]     The CDC does list Type 2 diabetes as one health condition that may lead to increased risk of severe illness from COVID-19 but does not address the increased risk posed to those with borderline diabetes, if any.

[2]     "[A] court confronted with a compassionate release motion is still required to consider all the Section 3553(a) factors to the extent they are applicable, and may deny such a motion if, in its discretion,

nature and circumstances of the offense," as well as the need for the sentence imposed "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.   18 U.S.C. § 3553(a)(1), (a)(2)(A).   As discussed above, the defendant was convicted and incarcerated for health care fraud, which in this case involved a scheme to illegally purchase and resell second-hand HIV medications ――originally prescribed to Medicaid beneficiaries――to pharmacies on the black market, which would then dispense the drugs to unsuspecting patients.   The defendant put his financial gain above the health and well-being of these patients, without any regard to the danger he subjected them to.   As the government points out, drugs sold on the black market are not transported in climate-controlled conditions, are often subjected to hazardous chemicals, and are relabeled including by altering the expiration dates to make the drugs more marketable.   ECF No. 40.   Additionally, the defendant participated in defrauding Medicaid, and therefore the American taxpayer, out of hundreds of thousands of dollars.   Under the circumstances, consideration of Section 3553(a) factors would not warrant any reduction in defendant's sentence.

---

compassionate release is not warranted because Section 3553(a) factors override, in any particular case, what would otherwise be extraordinary and compelling circumstances." United States v. Gotti, No. 02 Cr. 743-07 (CM), 2020 WL 497987, at *2 (S.D.N.Y. Jan. 15, 2020).

For the foregoing reasons, the defendant's motion is denied.

**SO ORDERED.**

Dated:      New York, New York
            August 27, 2020

_____
NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

**Defendant (pro se)**
George Bouyagian

**A copy of the foregoing Memorandum and Order have been mailed to the following:**
George Bouyagian (#76103-054)
FCI Allenwood Medium
P.O. Box 2000
White Deer, PA 17887